

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RFR INDUSTRIES, INC. | § | |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. 3-02 CV 1444 K |
| REX-HIDE INDUSTRIES, INC. | § | |
| Defendant and Third-Party Plaintiff | § | |
| vs. | § | |
| THE CENTURY GROUP, INC. f/k/a CENTURY STEPS, INC. d/b/a CENTURY PRECAST | § | JURY DEMAND |
| Third-Party Defendant | § | |

BRIEF IN SUPPORT OF CENTURY'S
MOTION FOR SUMMARY JUDGMENT


John R. Emerson
Texas State Bar No. 24002053
Travis M. Perry
Texas State Bar No. 24037268
**HAYNES AND BOONE, L.L.P.**
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone:    (214) 651-5000
Telecopier:   (214) 651-5940

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT THE CENTURY GROUP, INC.
f/k/a CENTURY STEPS, INC., d/b/a CENTURY
PRECAST**

# **TABLE OF CONTENTS**

I. Summary ............................................................................................................................. 1

II. Statement of Facts ............................................................................................................. 2

III. Argument ........................................................................................................................... 2

    A. Summary judgment standard ..................................................................................... 2

    B. The Settlement Agreement requires RFR to indemnify Century. ............................. 3

    C. RFR must pay Century attorneys' fees. .................................................................... 5

    D. The circuity of action doctrine extinguishes RFR's claims. ..................................... 6

IV. Conclusion ......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Amoco Canada Petroleum Co., Ltd. v. Wild Well Control, Inc.*,
   889 F.2d 585, 587 (5th Cir. 1989)....................................................................6

*Bank of El Paso v. Powell*, 550 S.W.2d 383 (Tex. Civ. App. – El Paso 1977)..............6

*Barnes v. Calgon Corp.*, 872 F. Supp. 349, 353 (E.D. Tex. 1994)................................6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)....................................................3

*City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968)......5

*CMS Partners, Ltd. v. Plumrose USA, Inc.*, 101 S.W.3d 730, 733
   (Tex. App.—Texarkana 2003)............................................................................4

*Cont'l Steel Co. v. H.A. Lott, Inc.*, 772 S.W.2d 513, 517 (Tex. App.—Dallas 1989)......6

*El Paso Refinery, LP v. Refinery Holding Co., LP*, 302 F.3d 343 (5th Cir. 2002)..........7

*Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998)...........3

*Fisher Construction Co. v. Riggs*, 320 S.W.2d 200, 210 (Tex. Civ. App.—Houston 1959)............5,6

*Freight Terminals, Inc. v. Riders Sys., Inc.*, 326 F. Supp. 881, 887 (E.D. Tex. 1971)......6

*Heritage Resources, Inc. v. Nationsbank*, 939 S.W.2d 118, 121 (Tex. 1996)................4

*Karen Corp. v. Burlington Northern*, 107 S.W.3d 118, 122 (Tex. App.—Fort Worth 2003)..........4

*Lenape Res. Corp v. Tennessee Gas Pipeline, Co.*, 925 S.W.2d 565, 574 (Tex 1996)......4

*Moore v. Valmac Industries, Inc.*, 737 F.2d 496, 501 (5th Cir. 1984).............................7

*Natural Gas Clearing v. Midgard Energy Co.*, 113 S.W.3d 400, 407 (Tex. App.—Amarillo).........4

*Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex. 1983)................................4

*Panhandle Gravel Co. v. Wilson*, 248 S.W.2d 779, 784 (Tex. Civ. App.—Amarillo 1952)............7

*Phillips Pipe Line Co. v. McKown*, 580 S.W.2d 435, 440 (Tex. Civ. App.—Tyler 1979)..............7

*Starcraft Co. v. C.J. Heck Co. of Texas, Inc.*, 748 F.2d 982, 989 (5th Cir. 1984)..........7

## I. Summary

Century asks this Court to hold RFR to the promises it made when it settled its patent-infringement lawsuit against Century. Six years ago, RFR sued Century for patent infringement, claiming rubber parts that Rex-Hide (among others) extruded for Century infringed RFR's patents. In the parties' settlement agreement, RFR released Century and Century's customers. RFR did not release Century's extruders, but RFR did pledge to indemnify Century against any extruder's indemnity claim arising from an RFR suit against the extruder. Thus, when RFR and Century settled RFR's patent suit against Century, both RFR and Century anticipated that RFR would eventually sue Century's extruders – such as Rex-Hide – and that if an extruder sued Century as a result of RFR's suit against the extruder, RFR would protect Century from the extruder's claims.

As expected, RFR sued Rex-Hide and Rex-Hide, in turn, sued Century for indemnity. But – contrary to the promises it made years ago – RFR refuses to indemnify Century against Rex-Hide's indemnity claims. Century therefore moves for summary judgment that:

- RFR must indemnify Century against Rex-Hide's claims;

- RFR must pay to Century all sums awarded against Century in favor of Rex-Hide, including Rex-Hide's attorneys' fees, if awarded; and

- RFR must reimburse Century for its attorneys' fees spent defending Rex-Hide's indemnity claims.

Regardless of whether Century owes a duty of indemnity to Rex-Hide, it does not belong in this lawsuit. If Century does not owe Rex-Hide indemnity, then Century should be dismissed. But even if Century does owe indemnity to Rex-Hide, RFR's duty to indemnify Century against Rex-Hide's claims creates a circular indemnity that destroys RFR's patent-infringement claims against Rex-Hide.

## II. Statement of Facts

Century incorporates by reference Rex-Hide's Statement of Facts in its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("Rex-Hide MSJ"). To summarize, in 1998 RFR sued Century in this Court for infringing RFR's flangeway filler patents.[1] The case eventually settled: Century paid RFR a monetary settlement (and agreed to buy a certain amount of product from RFR) and RFR in turn released Century and its customers from further liability.[2] The Settlement Agreement expressly did not release Century's extruders – such as Rex-Hide – but RFR agreed to indemnify Century and hold Century harmless from any extruder claim against Century arising from any RFR suit against a Century extruder.[3] Thus, RFR promised to protect Century if RFR sued Rex-Hide and Rex-Hide, in turn, sued Century.

RFR failed to live up to that promise. RFR sued Rex-Hide for patent infringement in July of 2002, over two years after RFR settled its lawsuit with Century. Rex-Hide then joined Century as a third-party defendant, seeking indemnity under Texas Business and Commerce Code § 2.312(c) – and, eventually, under contract law – because Century furnished Rex-Hide with the specifications for the allegedly-infringing product. But RFR has steadfastly refused to indemnify Century against Rex-Hide's claims.

## III. Argument

### A. Summary judgment standard.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[4] Century need only establish

---

[1] *See, generally, RFR Industries, Inc. v. Century Steps, Inc., et al.*, case no. 3:98-cv-00988.

[2] RFR/Century Settlement Agreement and Release (the "Settlement Agreement"), ¶ 3.1. (App. – 00003).

[3] Settlement Agreement, ¶ 8.3. (App. – 00009).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Ethicon Endo-Surgery, Inc v. U.S. Surgical Corp*, 149 F.3d 1309, 1315 (Fed. Cir. 1998); *see also* Fed. R. Civ. P. 56.

that the language of the settlement agreement and substantive law mandate dismissal of RFR's claims if Century is held liable to Rex-Hide for indemnity. This Court should grant Century's motion for summary judgment as there are no genuinely-disputed material facts and because the terms of the RFR/Century Settlement Agreement and Release (the "Settlement Agreement") extinguish RFR's claims.

### B.  The Settlement Agreement requires RFR to indemnify Century.

Paragraph 8.3 of the Settlement Agreement requires RFR to indemnify Century against Rex-Hide's claim: "RFR agrees to indemnify and hold harmless Century…from any claim made against…by any Century Extruder as a result of any RFR claim against any Century Extruder." Here, RFR sued Rex-Hide, and Rex-Hide in turn sued Century. Thus, under its plain and unambiguous terms, the Settlement Agreement requires RFR to indemnify Century against Rex-Hide's claims.

RFR claims that the indemnity provision of the settlement should not be given effect because it conflicts with a preceding provision (Paragraph 8.2), which states that "nothing in this Agreement shall be construed as a release by RFR of Rex-Hide . . . or any other extruder that manufactured for Century Pop-Down Filler . . . ."[5] RFR contends that these contract provisions and RFR's intentions conflict and that the Court should invalidate the indemnity provision.[6]

#### 1.  Paragraphs 8.2 and 8.3 do not conflict.

But there is no conflict. The Settlement Agreement does not release Rex-Hide. Moreover – and more importantly – neither Rex-Hide nor Century argues that RFR released Rex-Hide.

---

[5]  Settlement Agreement, ¶ 8.2. (App. – 00009).

[6]  Plaintiff's Brief in Response to Rex-Hide's Motion for Summary Judgment, p. 32.

**BRIEF IN SUPPORT OF CENTURY'S MOTION FOR SUMMARY JUDGMENT**            Page 3
D-1253322_7.doc, 33748 8

Indeed, Paragraphs 8.2 (RFR's stated intent not to release the extruders, like Rex-Hide) and 8.3 (RFR's commitment to indemnify Century) together make it plain that RFR and Century anticipated this very situation—that is, that RFR would sue an extruder, who might then sue Century, who would in turn seek indemnity from RFR under the Settlement agreement. Paragraph 8.3 protects Century from the probable result of an RFR-extruder suit forecast by Paragraph 8.2.

### 2. This Court should give effect to each provision in the Settlement Agreement.

RFR's proposed construction of the settlement agreement conflicts a basic canon of contract construction—namely, that contract provisions are to be harmonized so as to give effect to every provision.[7] The settlement provisions at issue in this case are not in conflict when considered objectively, and therefore do not require alternate construction of the agreement.[8]

In interpreting a contract, a court's primary concern is to give effect to the parties' intentions as expressed in the contract.[9] Those intentions are objective, rather than subjective.[10] Thus, the intentions objectively expressed in the contract govern the meaning of the contract and later opinions as to those intentions carry no weight.[11] The court cannot change a contract merely because a party subsequently determines that the contract is not to its liking.[12]

In this case, RFR has discovered that its duty to indemnify Century against Rex-Hide's claim – if coupled with a duty for Century to indemnify Rex-Hide – will destroy RFR's claims

---

[7] *Heritage Resources, Inc. v. Nationsbank*, 939 S.W.2d 118, 121 (Tex. 1996).

[8] *Ogden v Dickinson State Bank*, 662 S.W.2d 330, 332 (Tex. 1983) (stating that a court "will not strike down any portion of [a] contract unless there is an irreconcilable conflict).

[9] *Lenape Res. Corp v. Tennessee Gas Pipeline, Co.*, 925 S.W.2d 565, 574 (Tex 1996).

[10] *Karen Corp. v. Burlington Northern*, 107 S.W.3d 118, 122 (Tex. App.—Fort Worth 2003, no pet.).

[11] *CMS Partners, Ltd. v. Plumrose USA, Inc.*, 101 S.W.3d 730, 733 (Tex. App.—Texarkana 2003, no pet.) (stating that a contract is to be enforced as it was made, regardless of whether the parties contracted wisely).

[12] *Natural Gas Clearing v. Midgard Energy Co.*, 113 S.W.3d 400, 407 (Tex. App.—Amarillo 2003, no pet.) (pointing out that altering a contract on the basis of one party's dissatisfaction with the outcome undermines the sanctity of a contract and the expectations of those relying upon it).

against Rex-Hide. RFR is understandably dismayed at this prospect. But RFR's attempt to have the Court remove a settlement provision merely because RFR finds the provision to be inconvenient flies in the face of the principles discussed above. Even if the Settlement Agreement were susceptible to alternate interpretations based on RFR's claimed intentions (which it is not), the appropriate meaning is one that "would be attached to [the contract] by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the integration, other than oral statements by the parties of what they intended it to mean."[13]

RFR was aware of the circumstances surrounding the settlement and had ample opportunity to explore the potential legal ramifications of the agreement's terms.[14] The fact that RFR failed to do so is the result of an oversight by RFR, not an inherent conflict between settlement provisions.

## C.   RFR must pay Century attorneys' fees.

RFR's agreement to "indemnify and hold harmless Century" created a duty to indemnify Century that includes paying Century's attorneys' fees. In *Fisher Construction Co. v. Riggs*,[15] the court stated that "the expenses of litigating a claim indemnified against may be recovered whether the right of indemnification is implied by law or arises by implication."[16] Further, *Fisher* held that "[u]nless the indemnity agreement in question covers reasonable attorney's fees and expenses of defending the cause of action, Fisher would not be fully protected, indemnified

---

[13]  *City of Pinehurst v. Spooner Addition Water Co*, 432 S.W.2d 515, 518 (Tex. 1968).

[14]  The language of Paragraph 8.3 of the settlement, in fact, clearly anticipates RFR's suit against Rex-Hide, the very action that created the circuity of action. *See* Settlement Agreement, ¶ 8.2. (App. – 00009).

[15]  320 S.W.2d 200, 210 (Tex. Civ. App.—Houston 1959), *rev'd on other grounds*, 325 S.W.2d 126, *aff'd on remand*, 326 S.W.2d 915 (Tex. Civ. App.—Houston 1959).

[16]  *Id.* at 210.

and saved harmless."[17] Accordingly, attorneys' fees spent defending an indemnified claim, itself, are recoverable.[18]

Courts have consistently recognized this need to "construe indemnity provisions to include attorneys' fees and costs."[19] Specifically, Courts have held that:

- "There is no requirement that a settlement agreement expressly provide for litigation costs for an indemnitee to recover attorneys' fees."[20]

- A party can recover attorneys' fees when the party is required to "instigate or defend an action against a third party which is covered by the indemnity agreement."[21]

- "'Hold harmless' means to assume all expenses incident to the defense of any claim and to fully compensate an indemnitee for all loss or expense."[22]

RFR promised to indemnify Century and hold it harmless against any claim by Rex-Hide. "hold harmless" in referencing RFR's obligation to Century.[23] Century cannot be truly held harmless against Rex-Hide's claim unless it is reimbursed for attorneys' fees incurred in defending against that claim. Thus, this Court should enter summary judgment against RFR requiring it to reimburse Century for its attorneys' fees.

### D. The circuity of action doctrine extinguishes RFR's claims.

If Century does not owe indemnity to Rex-Hide, then it should not be a party to this suit. But if Century owes indemnity to Rex-Hide, RFR's agreement to indemnify Century against

---

[17] *Id.*

[18] *Freight Terminals, Inc. v. Riders Sys., Inc.*, 326 F. Supp. 881, 887 (E.D. Tex. 1971), *aff'd*, 461 F.2d 1046 (5th Cir. 1972).

[19] *Barnes v. Calgon Corp.*, 872 F. Supp. 349, 353 (E.D. Tex. 1994) (following *Fisher*).

[20] *Cont'l Steel Co. v. H.A. Lott, Inc.*, 772 S.W.2d 513, 517 (Tex. App.—Dallas 1989, writ denied) (following *Fisher*).

[21] *Freight Terminals, Inc.*, 326 F. Supp. at 887 (E.D. Tex. 1971).

[22] *Amoco Canada Petroleum Co., Ltd. v. Wild Well Control, Inc.*, 889 F.2d 585, 587 (5th Cir. 1989) (citing *Bank of El Paso v. Powell*, 550 S.W.2d 383 (Tex. Civ. App. – El Paso 1977, no writ)).

[23] Settlement Agreement, ¶ 8.3. (App. – 00009)

Rex-Hide's claim creates a circular action that extinguishes RFR's claim.

The circuity of action doctrine arises when a plaintiff indemnifies another party for the plaintiff's claim as a result of an indemnification and/or settlement agreement.[24] In these circumstances, the court will impliedly release the non-settling defendant in order to avoid the circuity.[25] As a result of this implied release, the plaintiff's cause of action is extinguished.[26]

To establish that circuity of action exists, a defendant must prove two elements: 1) entitlement of the non-settling defendant to indemnity or contribution from the settling defendant; and 2) an express or implied obligation of the plaintiff to indemnify the settling defendant.[27] RFR's claim against Rex-Hide provides the genesis of the circuity. If the Court finds that Century must indemnify Rex-Hide against RFR's claims, the first of the circuity elements will be established. RFR's existing obligation to "indemnify and hold harmless" Century for any claims against Century resulting from RFR's actions against Rex-Hide establishes the second element and completes the circular indemnity.[28] Therefore, if Century is held to have a duty to indemnify Rex-Hide, RFR's claim must be dismissed under the circuity of action doctrine.

---

[24] *El Paso Refinery, LP v. Refinery Holding Co., LP*, 302 F.3d 343, 349-50 (5th Cir. 2002).

[25] *Panhandle Gravel Co. v. Wilson*, 248 S.W.2d 779, 784 (Tex. Civ. App.—Amarillo 1952, writ ref'd n.r.e); *Phillips Pipe Line Co v. McKown*, 580 S.W.2d 435, 440 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e).

[26] *Moore v. Valmac Industries, Inc.*, 737 F.2d 496, 501 (5th Cir. 1984); *Starcraft Co v C.J. Heck Co. of Texas, Inc.*, 748 F.2d 982, 989 (5th Cir. 1984).

[27] *El Paso Refinery, LP*, 302 F.3d at 350.

[28] *See* Settlement Agreement, ¶ 8.3 (App. – 00009); *infra* section III, B.

## IV.   Conclusion

Century does not belong in this suit. If Century need not indemnify Rex-Hide, then Century is not a proper party. If Century must indemnify Rex-Hide, circuitous indemnity destroys RFR's patent-infringement claims against Rex-Hide and disposes of this case. Moreover, since RFR has indemnified Century, it must reimburse Century for its attorneys' fees spent defending Rex-Hide's claims.

Respectfully submitted,

*/s/ Travis Perry*

John R. Emerson
Texas State Bar No. 24002053
Travis M. Perry
Texas State Bar No. 24037268
**HAYNES AND BOONE, L.L.P.**
901 Main Street, Suite 3100
Dallas, Texas  75202-3789
Telephone:   (214) 651-5000
Telecopier:   (214) 651-5940

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT THE CENTURY GROUP, INC.
f/k/a CENTURY STEPS, INC., d/b/a CENTURY
PRECAST**

## CERTIFICATE OF SERVICE

I certify that on August \_\_11\_\_, 2004, a true and correct copy of the foregoing was served under the Federal Rules of Civil Procedure to the following:

| | |
|---|---|
| Todd Hoeffner, Esq. | Robert G. Oake, Jr., Esq. |
| Hoeffner & Bilek, L.L.P. | Law Offices of Robert G. Oake, Jr. |
| 440 Louisiana, Suite 720 | 101 W. McDermott, Suite 109 |
| Houston, Texas 77002 | Allen, Texas 75013 |

_____
Travis M. Perry