IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RFR INDUSTRIES, INC.** | § § § | |
| Plaintiff | § § | |
| vs. | § § | CAUSE NO. 3:02-CV-1444-K |
| **REX-HIDE INDUSTRIES, INC.** | § § § | |
| Defendant and Third-Party Plaintiff | § § § | |
| vs. | § § | |
| **CENTURY STEPS, INC.,** d/b/a **CENTURY PRECAST** | § § § § | |
| Third-Party Defendant | § | |

## MEMORANDUM OPINION and ORDER

This is a patent infringement case brought by RFR Industries, Inc. ("RFR") against Rex-Hide Industries, Inc. ("Rex-Hide"). This matter came before the Court for a one-day bench trial on the issue of third-party Century Steps Inc.'s ("Century") duty to indemnify Rex-Hide. Having received and considered the evidence presented and having heard the testimony of witnesses and the argument of counsel, the Court holds that Century must indemnify Rex-Hide and that this creates circular indemnity. The Court also makes the following findings of fact and conclusions of law which preclude any judgment against Rex-Hide.

## I. Background

RFR Industries, Inc. ("RFR") sued Rex-Hide Industries, Inc. ("Rex-Hide") for patent infringement. Rex-Hide then sued Century for indemnity under 1) contract and 2) the Texas Business & Commerce Code § 2.312(c). After Rex-Hide sued Century, Century filed a cross-claim against RFR for a declaratory judgment that the 2000 settlement agreement between RFR and Century required RFR to indemnify and defend Century in this lawsuit. RFR then filed a counterclaim against Century for a declaratory judgment that it was not required to indemnify and defend Century in this lawsuit.

On January 12, 2004, the Court granted Century's Motion for Summary Judgment that RFR was required to indemnify and defend Century and that RFR was required to pay Century's attorneys' fees. The Court then held a one-day bench trial on Rex-Hide's claim for statutory and contractual indemnity on April 4, 2005.

## II. Findings of Fact

1. RFR sells flangeway filler. Flangeway filler is a strip of flexible material, such as rubber, that fits between the rails and adjacent panels at a railroad grade-crossing.

2. RFR is an assignee of United States Patent 5,577,622 and United States Patent 5,535,947.

3. RFR does not manufacture its own flangeway filler. RFR purchased flangeway filler from Rex-Hide.

4. Century also sells flangeway filler. Like RFR, Century does not manufacture its own flangeway filler and purchased flangeway filler from Rex-Hide.

5. Century provided to Rex-Hide all the specifications and drawings necessary

        for Rex-Hide to manufacture the flangeway filler.

6.     Rex-Hide did not alter or modify Century's specifications and drawings.

7.     Once Century approved samples of the filler, the filler was considered to be made in compliance with Century's specifications and drawings.

8.     Before it manufactured the flangeway filler for Century, Rex-Hide presented Century with a quotation form that articulated the terms under which Rex-Hide would manufacture the flangeway filler for Century.

9.     Section 8 of the quotation form provided:

> In the event any of the parts produced under this contract infringe or are claimed to infringe any patent, copyright, or trademark, you agree to indemnify and save us harmless from any and all damages, losses or expenses, direct or indirect, to which we may be subjected on that account including but not limited to losses resulting from judgments, attorneys' fees or settlements with or without your consent.

10.     After receiving the quotation form, Century ordered flangeway filler from Rex-Hide by issuing a purchase order. Century's purchase order did not contradict, nor was it inconsistent with, Rex-Hide's quotation form.

11.     By issuing the purchase order, Century accepted Section 8, along with all the terms and conditions in the quotation contracts. Thus, the Rex-Hide quotations became the contracts between Rex-Hide and Century for the manufacture of the flangeway filler.

12.     After Rex-Hide manufactured the flangeway filler for Century, it drop-shipped the filler product to Century.

### III. Conclusions of Law

1.     Section 2.312(c) of the Texas Business & Commerce Code — which requires that "a buyer who furnishes specifications to the seller must hold the seller harmless against any such [infringement] claim that arises out of compliance with the specifications" — requires Century to indemnify Rex-Hide against RFR's patent infringement claims.

2.  Century accepted the terms of Rex-Hide's quotation form. Therefore, the quotation form constitutes a binding contract between Rex-Hide and Century for the sale of flangeway filler.

3.  Section 8 of the quotation form requires Century to indemnify Rex-Hide against RFR's patent-infringement claims.

4.  The statutory and contractual indemnity obligations owed by Century to Rex-Hide cover all of claims of infringement alleged by RFR against Rex-Hide.

5.  Century's indemnity obligations require Century to reimburse Rex-Hide for its attorneys' fees and expenses in this case.

6.  RFR's indemnity obligation to Century, previously resolved by the Court's January 13, 2005 Memorandum Opinion and Order, includes a duty to pay Century's attorneys' fees and expenses in this case, which includes Rex-Hide's recovery against Century.

## IV. Conclusion

The Court's ruling in this Memorandum Opinion Order that Century must indemnify Rex-Hide combined with this Court's January 13, 2005 ruling that RFR must indemnify Century from any Rex-Hide claims against Century arising from any RFR claim against Rex-Hide creates a circular indemnity that extinguishes RFR's patent-infringement claims against Rex-Hide.

**SO ORDERED.**

Signed August <u>9th</u>, 2005.

/s/
ED KINKEADE
UNITED STATES DISTRICT JUDGE