IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RFR INDUSTRIES, INC.** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. 3:02-CV-1444-K |
| | § | |
| **REX-HIDE INDUSTRIES, INC.** | § | |
| | § | |
| Defendant | § | |
| and Third-Party Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| **CENTURY STEPS, INC.,** | § | |
| **d/b/a CENTURY PRECAST** | § | |
| | § | |
| Third-Party Defendant | § | |

## <u>Memorandum Opinion</u>

Pursuant to Federal Rule of Civil Procedure 60(a), the Court, of its own initiative, requests leave of the United States Court of Appeals for the Federal Circuit to correct an error of oversight in order to clarify this Court's Preliminary Injunction Order of August 9, 2005. *See Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir. 1972) ("[T]he district court should have full authority to take any steps during the pendency of the appeal that will assist the court of appeals in the determination of the appeal.") (quotation omitted). The Court's Preliminary Injunction Order states that "the Court...orders RFR to file any and all future actions relating to the RFR patents, or the RFR-Century Settlement Agreement in the Northern District of Texas in Judge Kinkeade's Court." The Court's

injunction was meant to apply to the parties involved in this action only.  It was never intended to enjoin Plaintiff from filing lawsuits outside the Northern District of Texas against any *other defendant*.  In order to clarify the Court's intent in aid of the pending appeal, the Court requests leave to add language to the Preliminary Injunction Order limiting its applicability to the parties in this suit.

I.      **History of This Litigation**

On April 22, 1998, Plaintiff RFR first sued Defendant Century for infringement of U.S. Letters Patent Nos. 5,535,947 and 5,577,662 in Civil Action No. 3:98-CV-988-BD ("Century I litigation").  That case was brought in Chief Judge Fish's Court and was later transferred to United States Magistrate Judge Kaplan.  The parties settled that litigation under the terms known as the RFR-Century Settlement Agreement, which was signed on March 9, 2000.

On July 10, 2002, RFR brought this case against Rex-Hide, Civil Action No. 3:02-CV-1444-K ("Rex-Hide litigation"), for infringement of the same patents.  Rex-Hide then filed a third-party complaint against Century for contractual and statutory indemnity from any liability Rex-Hide has to RFR.  This case was originally brought in Chief Judge Fish's Court and was later transferred to Judge Kinkeade's Court.

RFR then filed an arbitration demand with the American Arbitration Association seeking relief for (1) Century's alleged failure to pay the final amounts due under the 2000 RFR-Century Settlement Agreement and (2) Century's alleged failure to pay invoices for flangeway filler.  The arbitrator stayed that arbitration proceeding on

October 15, 2004, pending this Court's ruling on Century's motion for summary judgment in the Rex-Hide litigation.

On October 26, 2004, RFR filed yet another lawsuit against Century for infringement of the same patents in Civil Action No. 3:04-CV-2300-K ("Century II litigation"). That case was originally brought in Judge Lynn's Court and was then transferred to Judge Kinkeade's Court.

Finally, on April 14, 2005, RFR filed a petition to show cause, in the original 1998 Century I litigation, for violation of the agreed permanent injunction between Century and RFR. Judge Kaplan dismissed RFR's petition to show cause without prejudice, finding that the allegations in the petition involved the same conduct that formed the basis of the Century II litigation.

II.     **This Court's Preliminary Injunction Order of August 9, 2005**

All three lawsuits and the arbitration brought by RFR involved the same parties (RFR, Rex-Hide, and Century) and the same patents (U.S. Letters Patent Nos. 5,535,947 and 5,577,662). Based on RFR's history of pursuing its claims against Century and Rex-Hide in multiple successive lawsuits and arbitration, this Court ordered RFR to file any and all future actions against Century and Rex-Hide, relating to the RFR patents or the RFR-Century Settlement Agreement, in the Northern District of Texas in Judge Kinkeade's Court. The purpose of this Court's injunction was to allow one judge to preside over these common questions of fact and law, and to prevent duplicative litigation resulting in unnecessary costs, delays, and inconsistent judgments. *See In re Air*

*Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977*)* (stating that under Rule 42(a) a district court may make such orders as are necessary to avoid unnecessary cost or delay). Specifically, this Court's Preliminary Injunction Order states:

> Therefore, the Court hereby enjoins RFR from pursuing its arbitration claim against Century and further orders RFR to file any and all future actions relating to the RFR patents, or the RFR-Century Settlement Agreement in the Northern District of Texas in Judge Kinkeade's Court.

As previously stated, the Court's injunction was meant to apply to the parties involved in this action only. It was never intended to enjoin Plaintiff from filing lawsuits against any parties other than Rex-Hide or Century in this or any other court. In order to clarify the Court's intent that the injunction was meant to apply to RFR, Century, and Rex-Hide only, the Court requests leave to amend the preliminary injunction order by adding the limiting language "against Century and Rex-Hide" so that the Order will read as follows:

> Therefore, the Court hereby enjoins RFR from pursuing its arbitration claim against Century and further orders RFR to file any and all future actions **against Century or Rex-Hide,** relating to the RFR patents, **U.S. Letters Patent Nos. 5,535,947 and 5,577,662**, or the RFR-Century Settlement Agreement, in the Northern District of Texas in Judge Kinkeade's Court. (emphasis added).

The Court understands that an appeal normally divests the district court of authority to proceed further in the case; however, the Court issues this Opinion in aid of the appeal now before the Federal Circuit pursuant to Federal Rule 60(a). The Court further urges the Federal Circuit to give the Parties an opportunity to respond to this

Opinion before considering the matter on appeal.

The Court further **ORDERS** the Clerk to send copies of this Opinion to all Parties

in this case and to the United States Court of Appeals for the Federal Circuit.


**SO ORDERED.**

Signed June ___20th___, 2006.

 s/Ed Kinkeade
ED KINKEADE
UNITED STATES DISTRICT JUDGE
